THE BURLINGTON & MISSOURI RIVER RAILROAD, PLAIN-
TIFF IN ERROR, V FRANK FRANZEN, DEFENDANT IN
ERROR.

**Railroad:** FENCES. A railroad company which fails to fence its
track at a place where by statute it is required to fence, is liable
for stock killed or injured on its track by its engines or cars,
and the mere negligence of the owner of the stock is no defense.

ERROR to the district court for Cass county. Tried be-
low before POUND, J.

*Marquett, Deweese & Hall,* for plaintiff in error.

*Chapman & Beeson,* for defendant in error.

MAXWELL, J.

This is an action brought by the defendant in error to
recover the value of a cow killed by the cars of the plain-
tiff at a point on its railroad where it was required by stat-
ute to fence its track but had failed to do so. The railroad
company in its answer admits that the cow was killed by
an engine on its railroad track, which at the time was ope-
rated by the company's agents, and that notice and affida-
vit of the killing were duly served on the company's agents,
etc. For further answer it is alleged "that said killing
occurred by reason of the fault and negligence of the plain-
tiff, and without any fault or negligence on the part of the
defendant." There is no reply, and it is strongly urged
on behalf of the plaintiff in error that the allegation of neg-
ligence is thereby admitted, and thereby the company ex-
cused. On the trial of the cause in the court below a ver-
dict was returned in favor of the defendant in error, upon
which judgment was rendered.

It appears from the testimony that the animal in ques-
tion was killed a short distance east of Cedar Creek village,
in Cass county; that at the place where the accident oc-

curred the track runs near the Platte river, there being a shallow channel of the river between the south bank and an island on which the defendant pastured his cattle. It also appears that it was the duty of the company to fence its track at this point, and that it had constructed a fence on the south side but none on the north. There is no claim that the defendant's cattle were willfully on the track, and the proof fails to show negligence. But even if negligence was admitted it would afford no excuse where stock is killed by the cars at a point on a railroad where it is its duty to fence the track but it fails to do so. The question here presented was before this court in the case of *The B. & M. R. R. Co. v. Brinkman*, 14 Neb., 70, and it was there held that the liability of the railroad company exists by reason of the statute, without regard to the question of negligence. The statute declares in substance that every railroad corporation whose lines of road or any part thereof is open to use shall, within six months thereafter, erect and maintain fences on the sides of said railroad suitably and amply sufficient to prevent cattle, horses, sheep, and hogs from getting on said railroad, except at the crossings of public roads and highways, and within the limits of towns, cities, and villages, etc.; and declares the penalty for "failing to fence on both sides thereof against all live stock running at large at all points," that the company "shall be absolutely liable to the owner of any live stock injured, killed, or destroyed by their agents, employees, or engineers," etc. Comp. Stat., ch. 72, art. I. The statute is plain and unambiguous, and leaves no room for construction. A railroad company failing to fence its track at a point where it is required to fence is liable for stock killed or injured on its track by its engines or cars, and the mere negligence of the owner of the stock is no defense.

The judgment of the court below is clearly right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.